IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JIMMY JAMES WITHERSPOON, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | 1:05CR372-1 |
| | : | 1:08CV00189 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE

NOW COMES the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, in response to Petitioner's Motion under Title 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence, and in opposition thereto states to the Court the following:

FACTS AND PROCEEDINGS

On October 31, 2005, the United States Grand Jury for the Middle District of North Carolina returned a single-count indictment against Petitioner. Count One charged him with possession of a firearm by a felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e). (Docket Entry #1).

On January 18, 2006, the Petitioner was found guilty as to Count One in violation of Title 18, United States Code, Section 922(g)(1) and 924(e). (Docket Entry #16). He was sentenced on

June 22, 2006, to imprisonment for a total term of 240 months, a special assessment of $100.00, and a supervised release term of five years. (Docket Entry dated 6/22/06). The Judgment was entered on July 11, 2006. (Docket Entry #24).

On July 12, 2006, the Petitioner filed Notice of Appeal and, thereafter, the Fourth Circuit affirmed his conviction and sentence. (Docket Entries #25, 32 and 33). He had contended that the sentence was unconstitutional, in violation of his Sixth Amendment right to trial by jury, because the sentence was enhanced beyond the statutory maximum based upon facts, his prior qualifying convictions, that were not alleged in the indictment, not found by a jury beyond a reasonable doubt, and not admitted by him. United States v. Witherspoon, 210 Fed. Appx. 256 (4th Cir. Dec. 19, 2006) (unpublished), *cert. denied*, ___U.S.___, 127 S.Ct. 2120, 167 L.Ed.2d 830 (2007). (Ex. A). Petitioner's conviction became final when Certiorari was denied April 23, 2007. Id.

Petitioner filed this Section 2255 petition on March 19, 2008, and the government has been ordered to respond. (Docket Entries #35-37). He alleges the following grounds:

Ground One: Fifth amendment violation.

Ground Two: Sixth amendment violation.

Ground Three: Ineffective assistance of counsel.

2

## Cognizable Claims

Collateral attacks brought under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); See also United States v. Timmreck, 441 U.S. 780 (1979). The Fourth Circuit pointed out in Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949):

> Prisoners adjudged guilty of crimes should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack, may the attack be made by motion under 28 U.S.C.A. § 2255 which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been in its absence by habeas corpus.

## DISCUSSION

**Ground One: Fifth amendment violation.**

Petitioner claims that because the indictment does not allege as an element that his civil rights were not restored, it is legally insufficient. (Pet. Memo. at 5-6) Petitioner also claims the failure to allege the element cited above deprived him

3

of notice, and thus harmed the preparation of his defense. (Pet. Memo. at 7).

Petitioner fails to show a Fifth Amendment violation arising from the sufficiency of the indictment. The Fourth Circuit has held that "... the lack of a restoration of civil rights and the right to possess a firearm is not an element of the offense stated in § 922(g)." United States v. Clark, 993 F.2d 402, 406 (4th Cir. 1993). As it is not an element of the offense, lack of restoration of civil rights need not be alleged in the indictment. Ordinarily, an indictment that tracks the statutory language is sufficient. Hamling v. United States, 418 U.S. 87, 117, 41 L.Ed.2d 590, 94 S.Ct. 2887 (1974). Furthermore, the Petitioner stipulated that his civil rights had not been restored following a felony conviction. (Ex. B, at att. stipulation). "With [the Petitioner's] stipulation, the government was relieved of any obligation of proving any aspect of that element, including the aspect that the defendant's civil rights had not been restored." Clark, at 406.

Petitioner's position is thus meritless; it is also directly contradicted by the United States Supreme Court decision in Caron v. United States, 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998). In Caron, the defendant contended that his prior conviction for which his civil rights had been restored did not qualify as a predicate offense under § 924(e). His state

4

restoration of rights allowed him to possess long guns and to possess handguns only in his home or business.  The Court reasoned that federal rather than state law governed the interpretation of the "unless clause" in 18 U.S.C. § 921(a)(20) which defines "crime punishable by a term exceeding one year" specifically excluding convictions which have been expunged, set aside or for which civil rights have been restored unless the pardon, expungement or restoration of rights expressly provides that the person may not possess firearms. <u>Caron</u>, at 2011.  Thus, if the state imposes restrictions on the possession of one or more types of firearms by a convicted felon after restoration of his civil rights, then the felon is prohibited from possessing <u>any</u> type of firearm.  <u>Caron</u>, at 2012.  The defendant's conviction in <u>Caron</u> for possession of rifles and shotguns found in his house and the enhancement under § 924(e) were upheld.  Thus, any convicted felon is prohibited from having any type of firearm at any place.

Petitioner also seems to argue in Ground One that he was not prohibited under North Carolina law from possessing a rifle in his own residence; therefore, he could not be prosecuted under federal law, as the federal courts must "look to the whole of state law ... concerning a convicted felon's firearm privileges." (Pet. Memo. at page 6-7).  To the extent that he is arguing that his alleged "lawful" possession of the firearm in his home in

5

North Carolina precludes federal prosecution, the United States Supreme Court deems otherwise. If a state restricts a convicted felon from possessing a firearm in certain circumstances (such as outside of the home), 18 U.S.C. §922(g)(1) prohibits him from possessing the firearm at all, even though it was permitted under state law. See Caron, 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998). Thus, Petitioner was properly prosecuted under 18 U.S.C. §922(g)(1).

As the Fifth Amendment claim of insufficiency of the indictment is without merit, so also is Petitioner's claim that his trial counsel should have filed a motion to dismiss the indictment. The court should not find ineffective assistance when counsel fails to perform acts that appear to be futile at the time the decision must be made. Garrett v. United States, 78 F.3d 1296, 1303 (8th Cir. 1996). In his affidavit, counsel states that he did not move to dismiss the indictment because there was no basis to object, and that the indictment was legally sufficient. (Ex. B at 2). As explained herein, counsel is correct. Based on the facts and evidence in Petitioner's case, counsel provided effective legal assistance. Petitioner's claim as to this issue should be summarily dismissed.

**Ground Two: Sixth amendment violation.**

Petitioner claims that 18 U.S.C. § 924(e) requires the jury to make an independent finding as to whether Petitioner's four

6

prior convictions qualifies for enhancing Petitioner's sentence under the Armed Career Criminal Act (ACCA). (Pet. Memo. at 8).

Petitioner fails to show a Sixth Amendment violation regarding jury participation in the applicability of the penalty provisions of 18 U.S.C. § 924(e). The Fourth Circuit has held that, "it is thus abundantly clear that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." United States v. Cheek, 413 F.3d 349, 354 (4th Cir.), *cert. denied*, 546 U.S. 1010, 126 S.Ct. 640, 163 L.Ed.2d 518 (2005).

Petitioner raised the same Sixth Amendment issue in his appeal, which the Fourth Circuit denied, citing Cheek and United States v. Thompson, 421 F.3d 278 (4th Cir. 2005), *cert. denied,* 547 U.S. 1005, 126 S.Ct. 1463, 164 L.Ed.2d 250 (2006). (Ex. A, United States v. Witherspoon, 210 Fed. Appx. 256 (4th Cir. Dec. 19, 2006) (unpublished), *cert. denied*, ___U.S.___, 127 S.Ct. 2120, 167 L.Ed.2d 830. Since the issue was litigated on appeal, it is not a proper subject for this collateral proceeding. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), *cert. denied*, 429 U.S. 863, 97 S. Ct. 169, 50 L. Ed. 2d 142 (1976). This claim should be summarily denied.

**Ground Three: Ineffective assistance of counsel.**

To demonstrate ineffective assistance of counsel, Petitioner must show that his attorney's performance fell below a reasonable standard for defense attorneys and he must show that there is a reasonable probability that but for the attorney's incompetent performance, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). These two components are typically referred to as Strickland's "performance" and "prejudice" components. 466 U.S. at 698; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994), *cert. denied*, 513 U.S. 1133, 115 S.Ct. 949, 130 L.Ed.2d 892 (1995). There is a strong presumption that the attorney's conduct fell within the permissible range of reasonable professional assistance. Strickland, 466 U.S. at 689. Counsel is strongly presumed to offer effective assistance and a court should apply a "heavy measure of deference" to an attorney's decisions. Id. at 690-91.

Relief for ineffective assistance of counsel can be granted only if petitioner can show specific errors made by counsel. United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Petitioner is not entitled to a hearing based upon unsupported conclusory allegations. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), *cert. denied*, 507 U.S. 923, 113 S. Ct. 1289, 122 L. Ed. 2d 681 (1993), abrgn. recognized on other

8

Case 1:05-cr-00372-JAB   Document 39   Filed 05/23/08   Page 8 of 14

grounds, Yeatts v. Angelone, 166 F.3d 255, 261 at n.4 (4th Cir. 1999).

**A. Alleged ineffective assistance by stipulation to a prior felony.**

Petitioner contends his counsel, Assistant Federal Public Defender William S. Trivette, stipulated to a prior felony conviction and its effect on his rights to possess a firearm, Mr. Trivette did so without knowledge that Petitioner's right to possess a rifle had been restored. (Pet. Memo. at 11, 15). This contention is both factually incorrect regarding Petitioner's right to possess a firearm and contradicted by the affidavit of Petitioner's counsel. The contention is factually incorrect under the same analysis in this response to Petitioner's Fifth Amendment claim, shown above. In his affidavit, counsel states that Petitioner denied possession of the rifle, from the time of their first meeting through the conclusion of the trial of the offense. (Ex. B at 3). At trial, a witness for Petitioner claimed ownership and sole possession of the rifle. (Ex. B at 3). Petitioner's right to possess a rifle was not a trial issue, as Petitioner consistently denied possession of the rifle. Counsel states that Petitioner never told him his civil rights had been restored. (Ex. B at 3). The stipulation cited by Petitioner (Pet. Memo. at 11) incorrectly quotes the contents of the actual stipulation. (Ex. B, stipulation). The actual stipulation was

9

signed by Petitioner and his counsel. (Ex. B). The stipulation submitted at trial, signed by Petitioner, belies his current claim that "It has always been Petitioner's understanding that he could possess a 30-30 rifle." (Pet. Memo at 3).

Counsel states in his affidavit that he stipulated to the defendant's prior felony because it was "sound trial tactics." (Ex. B at 4). A defendant's offer to stipulate to a prior conviction precludes the government from offering proof to the jury of the nature of the prior conviction. Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). In Petitioner's case, stipulation to a prior felony precluded proof of four separate robbery convictions, which are crimes of violence and may have raised the risk of a verdict tainted by improper considerations. Courts are reluctant to second guess the tactics of trial lawyers. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). Further, courts "should not conjure up tactical decisions an attorney could have made, but plainly did not." Griffin v. Warden, Md. Correctional Adjustment Ctr., 970 F.2d 1355 (4th Cir. 1992). For all of the reasons cited above, Petitioner's claim of ineffective assistance due to stipulation to a prior felony must fail.

**B. Alleged ineffective assistance for not proving relation of prior offenses.**

Petitioner claims that because his four prior robbery convictions were part of a common objective, occurred within a single 24-hour period, and were consolidated for judgment, those crimes should not have been counted separately for enhancement under the ACCA. (Pet. Memo at 22-24). Petitioner appears to be confusing the treatment of prior offenses under the United States Sentencing Guidelines and the application of the ACCA. The existence of a common plan does not make distinct offenses related for purposes of the ACCA. The Fourth Circuit has affirmed a case in which two drug sales, less than two hours apart, made to the same undercover officer in the same location were found to have been committed on occasions different from one another for purposes of the ACCA. See United States v. Letterlough, 63 F.3d 332 (4th Cir. 1995). The appellate court held that, "Letterlough's two drug sales, although perhaps occurring pursuant to a master plan to sell crack cocaine as a business venture, can hardly be said to constitute a single occasion." Letterlough, at 337. The Fourth Circuit found that a defendant's actions of shooting at two police officers, separated by a period of 10-15 minutes and a distance of about three city blocks constituted offenses committed on occasions different from each other for purposes of the ACCA sentencing, despite the defendant's claim of a common purpose of both shootings. United States v. Williams, 187 F.3d 429 (4th Cir. 1999). The

11

Presentence Investigation Report (P.S.R. at 7, ¶¶ 22-25) states that Petitioner's four prior robbery convictions had three different offense dates and four different victims. Petitioner's four robberies thus span a greater time period and involve more parties than do those in <u>Letterlough</u> or <u>Williams</u>. Furthermore, counsel states that his own investigation of the four robberies alleged in the indictment revealed they were committed on occasions different from one another. (Ex. B at 5).

Petitioner has failed to demonstrate either the ineffective "performance" of his counsel or the resulting "prejudice" required by <u>Strickland</u>. 466 U.S. at 698. Therefore, his claim of ineffective assistance of counsel must fail.

<u>CONCLUSION</u>

WHEREFORE, the United States respectfully submits Petitioner's motion under 28 U.S.C. § 2255 should be denied and dismissed.

This the <u>23rd</u> day of May, 2008.

> Respectfully submitted,
>
> ANNA MILLS WAGONER
> UNITED STATES ATTORNEY
>
> /S/ ANAND P. RAMASWAMY
> Assistant United States Attorney
> NCSB #24991
> United States Attorney's Office
> Middle District of North Carolina
> P.O. Box 1858
> Greensboro, NC 27402

Phone: 336/333-5351

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JIMMY JAMES WITHERSPOON, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | 1:05CR372-1 |
| | : | 1:08CV00189 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2008, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that the document was mailed to the following non-CM/ECF participant:

Jimmy James Witherspoon
No. 22882-057
FCI Butner Medium II
Federal Correctional Institution
PO Box 1500
Butner, NC 27509

    Respectfully submitted,

    ANNA MILLS WAGONER
    UNITED STATES ATTORNEY

    /S/ ANAND P. RAMASWAMY
    Assistant United States Attorney
    NCSB #24991
    United States Attorney's Office
    Middle District of North Carolina
    P.O. Box 1858
    Greensboro, NC 27402
    Phone: 336/333-5351