# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JIMMY JAMES WITHERSPOON, | ) |
| Petitioner, | ) |
| | ) 1:08CV189 |
| v. | ) 1:05CR372-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jimmy James Witherspoon, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 35.)[1] Petitioner was indicted on a single count of possession of a Winchester 30-30 rifle after having three previous convictions for violent felonies committed on occasions different from one another in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Docket No. 1.) Petitioner went to trial, but was convicted and later sentenced to 240 months of imprisonment. (Docket Nos. 16, 24.) He filed a direct appeal, but was unsuccessful in having his conviction or sentence overturned. (Docket Nos. 32, 33.) He then filed his motion under § 2255. Respondent has filed a response (Docket No. 39) and Petitioner has filed a reply (Docket No. 41). The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

---

[1] This and all further cites to the record are to the criminal case.

## Claim One

Petitioner's first claim for relief argues that his rights under the Fifth Amendment of the United States Constitution were violated because the indictment did not allege that Petitioner's right to possess a firearm had not been restored. An indictment must allege the elements of an offense, along with sufficient facts to inform the accused of the charge he faces and allow him to rely on an acquittal or conviction to bar future prosecutions. Tracking the language of the statute is ordinarily enough to set out the elements of the offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974). Petitioner's indictment does track the language of the statutes he violated. Moreover, the lack of a restoration of Petitioner's right to own a firearm is not an element of the offense charged, but only a component of the definition of one of the elements. *United States v. Clark*, 993 F.2d 402, 406 (4th Cir. 1993). Therefore, the lack of an allegation in the indictment that Petitioner's right to possess firearms had not been restored does not render the indictment insufficient.[2] This claim should be denied.

---

[2] To the extent that Petitioner is arguing the merits of the question of whether or not his civil rights had been restored as part of this claim, that fact was settled at trial by a stipulation which stated that Petitioner's rights had not been restored. Therefore, Petitioner cannot argue this point directly, but must pursue it, if at all, through his ineffective assistance of counsel claim which will be discussed later.

Case 1:05-cr-00372-JAB   Document 42   Filed 09/16/08   Page 2 of 10

## Claim Two

Petitioner's next claim for relief alleges that his rights under the Sixth Amendment were violated because the jury was not asked to make a determination as to whether his four prior robbery convictions qualified to enhance his sentence under the Armed Career Criminal Act (ACCA). At certain times in arguing this claim, he also reiterates that he had a right to have the jury determine whether or not his civil rights had been restored so that he could possess the rifle with which he was charged. Both versions of his argument fail.

Petitioner already raised his ACCA claim on appeal. This claim was rejected by the Fourth Circuit based on *United States v. Thompson*, 421 F.3d 278 (4th Cir. 2005), *cert. denied*, 547 U.S. 1005 (2006), and *United States v. Cheek*, 415 F.3d 349 (4th Cir. 2005). *United States v. Witherspoon*, 210 Fed. Appx. 256 (4th Cir. 2006), *cert. denied*, ___ U.S. ___, 127 S.Ct. 2120 (2007). For the reasons set out in those cases and because it is not appropriate for Petitioner to relitigate in a § 2255 motion the merits of a claim already raised and rejected on appeal, his ACCA claim should be denied. *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976).[3]

---

[3] Petitioner maintains in his reply brief that his claim on appeal was different from the claim he raises now. Even if true, he is not entitled to relief. Petitioner states that a jury finding is required as to whether or not the robberies should count as one or four prior convictions for ACCA purposes. A jury finding on this point is not required where it is clear on the face of the convictions that the crimes occurred on "separate occasions." *United States v. Thompson*, 421 F.3d at 285. As will be discussed below in conjunction with Petitioner's ineffective assistance claim, it is abundantly apparent that Petitioner's crimes were committed on separate occasions.

To the extent that Petitioner is claiming that he had a right to have a jury decide whether or not his civil rights had been restored, this right, if it existed, was waived when he stipulated at trial that his rights had not been restored. (Docket No. 39, Ex. B, Ex. 1.) The decision to enter into this stipulation will be discussed further in conjunction with Petitioner's ineffective assistance of counsel claim. However, the stipulation puts an end to any independent claim that the jury should have made a finding on this issue. This portion of Petitioner's second claim for relief should also be denied.

## Claim Three

Petitioner's third claim for relief alleges that he received ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's

-4-

Case 1:05-cr-00372-JAB   Document 42   Filed 09/16/08   Page 4 of 10

unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Petitioner claims that counsel was ineffective in two ways. The first of these is that counsel stipulated to Petitioner's prior convictions and the fact that his civil rights had not been restored, rather than raising a defense that, because Petitioner's civil rights had been restored and his possession of the rifle was legal, Petitioner was innocent. The problem with this argument is that, for purposes of federal law, Petitioner's rights had not been restored and it was not legal for him to possess the rifle. Petitioner's contention otherwise rests on a partial restoration of his civil rights by the State of North Carolina. As even Petitioner concedes, it was his understanding that he could own a rifle or shotgun in his residence, but not a handgun, fully automatic weapon, or explosive device under North Carolina law. (Docket No. 36 at 2.) Assuming that this is true[4], he still cannot possess any firearm, even a rifle, under federal law. If state law prevents possession of any type of firearm based on a person's past convictions, the person cannot possess any type of firearm under federal law. This is true even as to firearms allowed by the state. *Caron v. United States*, 524 U.S. 308,

---

[4] The truth of this assertion is somewhat in doubt. The certificate provided by Petitioner as evidence of restoration appears to state that his right to own firearms was not restored at the time the certificate was issued in 1999. (Docket No. 36, Exs.) Further, Petitioner was convicted of several more felonies in the years after the certificate issued. (Presentence Report (PSR) ¶¶ 27, 28, 33.) He does not show that his rights were restored after those felonies.

-5-

Case 1:05-cr-00372-JAB   Document 42   Filed 09/16/08   Page 5 of 10

312-17 (1998). For this reason, North Carolina's restoration of Petitioner's rights did not operate to allow him to possess a rifle under federal law.

Petitioner argues in his reply brief that, even if he was precluded from possessing a firearm, a defense should have been raised based on his belief that he could possess a gun. Petitioner asserts that this defense could have negated the intent element in § 922(g). Again Petitioner is incorrect. He believes that the intent element can be satisfied only if he intended to unlawfully possess a firearm. However, he is incorrect. The intent element is satisfied if he intended to possess the firearm, whether or not he knew it was illegal to do so. *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995); *United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1991).

In the end, however Petitioner's claim is presented, his attorney did not err in failing to raise the restoration of Petitioner's rights or his belief in the restoration of his rights as meritless defenses. He also could not have prejudiced Petitioner by stipulating that his civil rights had not been restored within the meaning of federal gun laws.[5] This claim should be denied.

---

[5] Petitioner's attorney states that he and Petitioner never really discussed this defense because Petitioner always denied possessing the weapon at all. Counsel claims that Petitioner and his girlfriend maintained that the gun belonged to the girlfriend and that Petitioner never possessed it. This was the defense pursued at trial. (Docket No. 39, Ex. B.) Petitioner claims that he did discuss the question of restoration of rights with counsel. However, it does not matter whether or not events occurred as counsel claims or as Petitioner claims. Even if the Court adopts Petitioner's version, he was still not harmed by counsel's actions because there was no legal basis for the defense Petitioner now claims he wished to raise.

The second basis for Petitioner's ineffective assistance of counsel claim is that counsel stipulated that Petitioner had four prior robbery convictions rather than have all of the convictions treated as a single conviction. Petitioner believes that his convictions should be treated as one because they were all part of the same criminal episode. According to Petitioner, he and his friends decided to "rob enough store fronts to obtain money for his relocation to Brooklyn, New York." (Docket No. 36 at 2.) They then took a "joy ride" during which they committed the robberies for which Petitioner was charged. Petitioner claims that all of the robberies were committed in one 24-hour period.

In order for the ACCA to apply, a defendant must have three convictions for violent felonies "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The proper standard for judging whether Petitioner's convictions were "committed on occasions different from one another" is found in *United States v. Letterlough*, 63 F.3d 332 (4th Cir. 1995). There, the Fourth Circuit Court of Appeals determined that convictions are separate felonies for the purposes of the ACCA if they were separate and distinct criminal episodes. *Id.* at 335. To decide whether felonies are separate and distinct, courts should consider "whether the offenses arose in different geographic locations; whether the nature of the offenses was substantively different; and whether the offenses involved multiple victims or multiple criminal objectives." *Id.* at 335-36 (footnotes omitted).

The facts in *Letterlough* are instructive. There, two convictions were found to be separate convictions for purposes of the ACCA even where two drug sales were made to the

same person ninety minutes apart. *Id*. at 337. Other Fourth Circuit cases are similar. *See Thompson*, 421 F.3d at 285 (different dates and locations for burglaries qualified them as separate crimes); *United States v. James*, 337 F.3d 387, 391 (4th Cir. 2003)(burglarizing two stores across the street from one another on same day was two crimes); *United States v. Hobbs*, 136 F.3d 384, 387 & n.5, 389 (4th Cir. 1998)(three burglaries in one hour qualified as separate crimes).

Petitioner's crimes do not appear meaningfully distinguishable from the crimes in *Letterlough* and the other cases just cited. Although they shared a common purpose – financing Petitioner's relocation – Petitioner and his friends committed four different robberies of four different victims over at least a 24-hour period.[6] Like the sales in *Letterlough*, they were part of one plan, but were separate crimes and separate convictions for purposes of the ACCA. Counsel also states that he investigated this matter and that the robberies were separate. Counsel did not err in failing to raise this point and Petitioner was not prejudiced by counsel's failure to pursue the issue. Petitioner has not met the standards

---

[6] Petitioner claims that all of the robberies occurred in a 24-hour period. However, the PSR shows three separate dates for the crimes. Not only this, but at least some of the robberies were from persons, not store fronts. Petitioner and his friends used a handgun to steal a purse from one victim, cigarettes and a lighter from another, $35.00 from a third victim, and four pairs of boots from the final victim. The crimes occurred on September 23, 24, and 28, 1993. (PSR ¶¶ 22-25.) Petitioner also claims that he was merely a "joy rider" and not the actual robber. Whether or not this was so, he was part of the robbery scheme and was present in a supporting role for all four crimes, the purpose of which was to fund his travel to New York. In short, he at least kept riding while his friends repeatedly robbed victims for his benefit over an extended period of time.

-8-

of *Strickland* as to any of his ineffective assistance claims. They should all be denied along with his other claims.

**<u>Additional Claim</u>**

In his reply brief, Petitioner asserts that his sentence should somehow be affected by Amendment 709 to the United States Sentencing Guidelines. (Docket No. 41 at 14.) His argument is difficult to decipher. As Petitioner correctly concedes, Amendment 709 has not been made retroactive by the United States Sentencing Commission. *United States v. Cofield*, 259 Fed. Appx. 575, 576 (4th Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S.Ct. 2074 (2008). Therefore, it cannot be used to reduce his sentence pursuant to a motion under 18 U.S.C. § 3582(c)(2). *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004). Petitioner apparently sees this as some sort of procedural bar which can be overcome by alleging his claim as one for ineffective assistance of counsel. Unfortunately for Petitioner, the bar is not procedural, but is substantive and absolute. Also, raising this point as an ineffective assistance of counsel claim is nonsensical. Petitioner was sentenced on June 22, 2006. His appeal was concluded on January 11, 2007. Amendment 709 was not made effective until November 1, 2007, months after Petitioner's conviction and sentence became final. Counsel could not possibly have been ineffective for failing to raise any type of argument connected to a then nonexistent amendment. Petitioner's additional claim should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 35) be denied, and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: September 16, 2008