IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA



JIMMY JAMES WITHERSPOON
    Petitioner,

Vs.                        CASE NO.: 1:08-CV-189
                                   1:05-CR-372-1

UNITED STATES OF AMERICA
    Respondent,
_____/

## PETITIONER'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

**NOW COMES,** the Petitioner, Jimmy James Witherspoon, and acting Pro-se, motions this Honorable Court with his objections to the Magistrate's Report and Recommendation filed in the above reference matter. Petitioner states the following in support.

The Magistrate takes four positions as to why Petitioner's Post Conviction motion should be denied. Accordingly, Petitioner objects to the positions taken by the Magistrate on the grounds that they over look key factors, and truly constitutes "double talk".

The position taken by the Magistrate is that Petitioner's claim one should be denied because the indictment tracked the Statutory language of 18 U.S.C. § 922 (g); as supporting case law the Magistrate cites **Hamling v. United States**, 418 U.S. 87, 117 (1974). Accordingly, the Magistrates holds that "the restoration of civil rights is only a component of the definition of one element of § 922 (g), in support of the contention **United States v. Clark**, 993 F.2d 402, 406 (4th Cir. 1993) is cited.

Petitioner respectfully objects to the Magistrate's opinion. The above reasoning is "double talk", first the very case cited by the Magistrate clearly holds that the restoration of civil rights is an element of § 922 (g), as reasoned in **Clark, Supra**:

> "What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, *unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.*18 U.S.C. 921 (a) (20) (emphasis added).
> Section 924(e) thus incorporates by reference 921(a)(20)'s definition of "crime punishable by imprisonment for a term exceeding one year," see **United States v. Lender**, 985 F.2d 151, 155 (4th Cir. 1993), including 921(a)(20)'s exclusion from that definition of any conviction for which a defendant has had civil rights *and* the right to carry a firearm restored, see **United States v. Traxel**, 914 F.2d 119, 122 (8th Cir. 1990)."

To hold that a component of an element is not an element of an offense, is simply an act of word semantics. The Fifth Amendment of the United States Constitution provides notice by indictment. When a criminal offense has elements that are more complex than simple elements of criminal law, the Fifth

2

Amendment requires notice of each element, see **Russell v. United States**, 369 U.S. 749, 760-64, 8 L. Ed. 2d 240, 82 S. Ct. 1038 (1962).

The Fifth Amendment guarantees that an individual cannot be prosecuted for a capital or infamous offense except on presentment or indictment of a grand jury. In addition, the Sixth Amendment requires that a defendant must "be informed of the nature and cause of the accusation" against him. The criteria against which the sufficiency of an indictment is judged reflect these guarantees. See **Russell v. United States**, 369 U.S. 749, 760-64, 8 L. Ed. 2d 240, 82 S. Ct. 1038 (1962); **United States v. Hooker**, 841 F.2d 1225, 1227 (4th Cir. 1988) (en banc). An indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense. **Russell**, 369 U.S. at 763-64; **Hooker**, 841 F.2d at 1227.

Furthermore, the Fourth Circuit, sitting en banc, has left no room for doubt as to the law in this circuit concerning the requirements of a constitutionally adequate indictment. Every essential element of an offense must be charged in the body of an indictment, and the inclusion of a reference to the statute will not cure the failure to do so. **Hooker,** 841 F.2d at 1227-28; **United States v. Pupo,** 841 F.2d 1235, 1239 (4th Cir.) (en banc), cert. denied, 488 U.S. 842 (1988). "[A] statutory citation does not ensure that the grand jury has considered and found all essential elements of the offense charged. It therefore fails to satisfy the Fifth Amendment guarantee that no person be held to answer for an

3

infamous crime unless on indictment of a grand jury." **Pupo**, 841 F.2d at 1239, and **Stirone v. United States**, 361 U.S. 212, 215-17, 4 L. Ed. 2d 252, 80 S. Ct. 270 (1960). Based on these principles of law Petitioner respectfully objects to the Magistrate's recommendation on claim one of Petitioner's § 2255.

Petitioner also objects to the magistrate's recommendation on claim two of Petitioner's § 2255. As stated in Petitioner's response to the Government's answer to his § 2255, the claims are the same as those posed by Appellate Counsel. Petitioner's claim is the right to have a jury determine whether or not his prior convictions are related, see **United States v. Thompson**, 412 F.3d 278 (4th Cir. 2005); and **United States v. Washington**, 404 F.3d 834, 842-43 (4th Cir. 2005). Furthermore, the Magistrate considers the information in the P.S.I. Report to determine that the four robberies are not related. However, such consideration contradicts the Fourth Circuit's holding in **Washington, Supra**, ("sentencing court's reliance on documents other than those authorized in Shepard resulted in unconstitutional fact-finding); see also **Shepard v. United States**, 544 U.S. 13, 21, 23, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005); **Taylor v. United States**, 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990); **United States v. Collins**, 412 F.3d 515, 521 (4th Cir. 2005).

On direct appeal, Appellate Counsel challenged the actual fact of a prior conviction and not the fact that all four robberies were related by a common scheme or plan as does Petitioner. It is well established that the limitations imposed by **Shepard** and **Taylor** do not apply when the government

4

merely seeks to prove the "fact of a prior conviction" rather than, as in **Shepard** and **Taylor,** the "facts underlying a conviction." Appellate Counsel was in fact ineffective for challenging the wrong factor.

Petitioner, and respectfully, objects to the Magistrate's holding that the trial stipulation waives any independent issue of Sixth Amendment right to jury determination of civil rights restoration. This Honorable Court must determine the merits of Petitioner claim independently to then determine whether counsel was ineffective under the two prong test set forth **Strickland v. Washington,** 466 U.S. 668 (1984).

Petitioner, and respectfully, objects to the Magistrate's holding on claim three of Petitioner's § 2255. The Magistrate holds that a hearing is not needed because his issues are founded upon unsupported and conclusory allegations. However, with in the same position the Magistrate states three times "if true" or "the truth of this assertion is somewhat in doubt." The Magistrate clearly demonstrates that issues of fact are in dispute and therefore a hearing should be granted to determine the validity of each fact.

Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief, see **United States v. Witherspoon,** 231 F.3d 923, 925-26 (4th Cir. 2000); **Raines v. United States,** 423 F.2d 526, 529 (4th Cir. 1970). Whether an evidentiary hearing is necessary is best left to the sound discretion of the district court judge. **Raines,** 423 F.2d at 530. However, when a movant presents a colorable Sixth

Amendment claim showing disputed facts involving inconsistencies beyond the record, a hearing is mandated. See **United States v. Magini**, 973 F.2d 261, 264 (4th Cir. 1992); **Raines,** 423 F.2d at 530 ("There will remain . . . a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court."). In this case there are facts that are in dispute, Trial Counsel should have known that Petitioner's civil rights were in fact restored. The record clearly shows that Trial Counsel did not perform an adequate background check on Petitioner's North Carolina State convictions. Attached to this pleading, the Honorable Court will find the remainder of Petitioner's civil rights restoration for the additional charges the Magistrate inquired about in the Report and Recommendation. (See Foot Note 4 of Magistrate's Report and Recommendation)

Another factor in dispute is the fact of a defense based on the restoration of civil rights. Trial Counsel submitted an affidavit alleging that such defense was never discussed. Petitioner submitted an affidavit contradicting such assertion. The Magistrate holds that both ways the restoration of civil rights is not a defense, and therefore the disputed facts are of no harm; see Foot Note 5 of Report and Recommendation. Petitioner objects to this determination, the criminal intent element of 18 U.S.C. § 922 (g) is an element that must be proven beyond a reasonable doubt. The Magistrate cites **United States v. Langley**, 62 F.3d 602, 606 (4th Cir. 1995) to support the position. However, Petitioner is not alleging that the Government must prove beyond a reasonable doubt the fact

6

of Petitioner's knowledge of his prior conviction as **Langley** and **United States v. Smith**, 940 F.2d 710, 713 (1st Cir. 1991). However, is claiming that the constructive possession of the rifle is not an illegal offense in the State of North Carolina. Unlike many states, North Carolina defines a firearm different and excludes rifles from the firearm definition. As the Supreme Court held in **Beecham v. United States**, 511 US 368, 128 L Ed 2d 383, 114 S Ct 1669 (1994):

> "Under the federal firearms statutes-which provide (1) in 18 USCS 922(g), that it shall be unlawful for any person who has been convicted of a crime punishable by imprisonment for a term exceeding 1 year to possess any firearm, (2) in the "choice-of-law clause" of 18 USCS 921(a)(20), that what constitutes a conviction shall be determined in accordance with the law of the jurisdiction in which the proceedings were held, and (3) in the "exemption clause" of 921(a)(20), that any conviction which has been expunged or set aside or for which a person has been pardoned or has had civil rights restored shall be not considered a conviction-two accused, who have been charged under 922(g) with unlawful firearm possession on the basis on prior federal convictions, and who allegedly have had their civil rights restored under state law, can take advantage of the "civil rights restored" provision of the exemption clause of 921(a)(20) with respect to the accused's prior federal convictions only if the accused have had their civil rights restored under federal law, because the language Congress actually enacted has a plain, unambiguous meaning, for (1) asking whether a person has had civil rights restored is just one step in determining whether something should be considered a conviction, a determination which, by the terms of the choice-of-law clause, is governed by the law of the convicting jurisdiction; (2) pardons, expungements, and set-asides, the other three procedures listed in the exemption clause, are either always-or almost always, depending on whether a federal grant of habeas corpus is considered a set-aside-done by the jurisdiction of conviction; (3) the exemption clause, when read in conjunction with the choice-of-law clause, must refer to only restorations of civil rights by the convicting jurisdiction; (4) nothing in 921(a)(20) supports the assumption that Congress intended felons convicted by all jurisdictions to have access to all the procedures specified in the exemption clause."

7

In Petitioner's case the controlling law is State Law and not Federal Law as held by the Magistrate. Petitioner respectfully objects.

The Magistrate's opinion does not take into account the Fourth Circuit's holding in **United States v. Tomlinson**, 67 F.3d (1995). The Fourth Circuit has not overturn **Tomlinson** and therefore Petitioner's claims do have merit. Trial Counsel was ineffective for failing to acknowledge Petitioner's defense based on the restoration of civil rights. Petitioner respectfully objects, **Tomlinson** is the controlling law in the fourth Circuit. Petitioner challenge is based on the kind of weapon he possessed, such weapon is not a firearm as the Magistrate defines it.

Petitioner also respectfully objects to the Magistrate's holding on Petitioner's additional claim, Amendment 709 is not retroactive; however Petitioner is claiming that the Sentencing Court applied the guidelines incorrectly, therefore this Honorable Court can consider the Amendment on § 2255, see **United States v. Goines**, 357 F.3d 469 (4th Cir. 2003) ("The Sentencing Reform Act of 1984, Pub. L. No. 98-473, ch. II, 98 Stat. 1987-2040, does not bar relief under 28 U.S.C.S. 2255 based on incorrect application of the federal sentencing guidelines, but United States Supreme Court decisions predating the Act state that, in the absence of a complete miscarriage of justice, 2255 review is limited to constitutional and jurisdictional challenges. Thus, guideline claims ordinarily are not cognizable in 2255 proceedings.").

## CONCLUSION

**WHEREFORE,** Petitioner hopes and prays that this Honorable Court considers these objections, and render a full and fair ruling on the facts and law.

Respectfully submitted

Jimmy James Witherspoon, Pro-se
Reg. # 22882-057
F.C.I. Butner II
P.O. Box 1500
Butner
North Carolina 27509

## CERTIFICATE OF SERVICE

I HEREBY, certify that a true and correct copy of the foregoing objections was mailed to the United States Attorney's Office for the Middle District of North Carolina on this 17th, day of September, 2008 by first class paid United States Postage Stamps.

Respectfully submitted

Jimmy James Witherspoon, Pro-se
Reg. # 22882-057
F.C.I. Butner II
P.O. Box 1500
Butner
North Carolina 27509

9

IPTR138 (97)

NORTH CAROLINA DEPARTMENT OF CORRECTION

CERTIFICATE OF RESTORATION OF FORFEITED RIGHTS OF CITIZENSHIP

RE: DOC ID: 0450460

KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, JIMMY WITHERSPOON            WAS ON JANUARY 15, 2003
COMMITTED TO THE NORTH CAROLINA DEPARTMENT OF CORRECTION FROM:

| COURT | COUNTY | SENTENCE LENGTH MIN TO MAX | CRIME | DOCKET NUMBER |
|---|---|---|---|---|
| SUPERIOR | GUILFORD | 0010400  0010800 | POSSESS WITS SCHEDUL | 00108490 F |
| SUPERIOR | GUILFORD | 0001100  0010200 | POSSESS WITS SCHEDUL | 02052417 F |

AND WAS UNCONDITIONALLY DISCHARGED BY EXPIRATION OF HIS/HER SENTENCE(S) ON
APRIL 26, 2004

NOW, THEREFORE, THE SECRETARY OF CORRECTION DOES HEREBY CERTIFY THAT, PURSUANT
TO N.C.G.S. 13-1, ALL RIGHTS OF CITIZENSHIP WHICH WERE FORFEITED ON CONVICTION
INCLUDING THE RIGHT TO VOTE, ARE BY LAW AUTOMATICALLY RESTORED, WITH THE
EXCEPTION OF THE RIGHT TO PURCHASE, OWN, POSSESS, OR HAVE IN HIS/HER CUSTODY,
CARE OR CONTROL ANY FIREARM OR WEAPON OF MASS DEATH AND DESTRUCTION.

N.C.G.S. 14-415.1 MAKES IT UNLAWFUL FOR ANY PERSON WHO HAS BEEN CONVICTED OF A
FELONY TO PURCHASE, OWN, POSSESS OR HAVE IN HIS/HER CUSTODY, CARE OR CONTROL
ANY FIREARM OR WEAPON OF MASS DEATH AND DESTRUCTION.

IN WITNESS WHEREOF THIS CERTIFICATE IS
ISSUED THE 23RD DAY OF APRIL    ,2007

FOR:  THEODIS BECK
      SECRETARY OF CORRECTION

BY:  *Laura Loewe*
     AUTHORIZED REPRESENTATIVE

CC: CLERK OF COURT
    COMBINED RECORDS
    UNIT COPY
    INMATE COPY